# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> PERMANENT EASEMENT FOR 0.379 ACRES AND TEMPORARY EASEMENTS FOR .432 ACRES IN WESTFALL TOWNSHIP, PIKE COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 082.00-01-51, MOUNTAIN AVENUE; DAVID H. AND BARBARA D. KATZ; and ALL UNKNOWN OWNERS AND INTERESTED PARTNERS, <br><br> Defendants. | CIVIL ACTION NO. 3:CV-12-1483 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Tennessee Gas Pipeline Company, L.L.C.'s ("Tennessee") Motion to Enforce Settlement Stipulation and Order. (Doc. 50.) Because the clear and unambiguous terms of the Settlement Stipulation and Order limit Tennessee's use of the acquired property "strictly and solely for use of a natural gas transmission pipeline," the motion will be denied.

## **I. Background**

Tennessee commenced this action by filing a Complaint in Condemnation on July 31, 2012 to condemn a certain portion of land from an approximately 740 acre tract of land (the "Rosetown Property") owned by David H. and Barbara D. Katz (the "Katzes") in Pike County, Pennsylvania.

After some months of litigation, the parties agreed to a Settlement Stipulation and Order to settle this action. The Settlement Stipulation and Order was approved by the Court

on January 22, 2013 and entered on the docket on January 29, 2013. (Doc. 47.)

Pursuant to the Settlement Stipulation and Order, the Katzes agreed to deliver to Tennessee within forty (40) days of the issuance of the Settlement Stipulation and Order an agreed-upon deed conveying a portion of the Property that included the Rights of Way (the "Out Parcel") to Tennessee, along with written confirmation of the subdivision approval for the Out Parcel, which was to be obtained by Federal Master Michael J. Sandor ("Master Sandor"). Under the Settlement Stipulation and Order, Tennessee was to provide the Katzes with all "documentation necessary to obtain a subdivision for the Out Parcel required by" Master Sandor. (Doc. 47, ¶ II(2)(B).)

On February 26, 2013, Master Sandor sent the parties a letter identifying the requirements necessary to have the Out Parcel subdivided from the Rosetown Property. One of those requirements was that the parties sign a Request for Planning Waiver & Non-Building Declaration (the "PADEP Form") that Master Sandor prepared and attached to the letter. The PADEP Form prepared by Master Sandor provided, in pertinent part, the following written description of the Out Parcel and its intended use: "[t]he sole purpose of the 'Out Parcel' is for the installation of the underground gas pipeline." (Doc. 52, Ex. C.)

After receiving the PADEP Form from Master Sandor, Tennessee requested that the description of the property be changed to indicate that the Out Parcel's intended use be for "facilities" or "construction" rather than for "a natural gas transmission pipeline." Finding the proposed changes unacceptable, Master Sandor instructed Tennessee to sign the original PADEP Form. (Doc. 52, Ex. D.)

Subsequently, Tennessee sent Master Sandor a letter, dated April 5, 2013, requesting that the PADEP Form be revised to indicate only that the description of the intended use of the Out Parcel be for its "current" intended use. (Doc. 52, Ex. E.) In that letter, Tennessee explained that the purchase of the Out Parcel was in fee simple, and, as

2

a result, Tennessee's future use of the Out Parcel could change, provided it obtained the necessary approvals. Thus, Tennessee was concerned that it could be subject to "penalties prescribed by applicable law, including, but not limited to, 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities" if it signed the PADEP Form as originally prepared by Master Sandor.

By letter dated April 9, 2013, Master Sandor rejected the changes proposed by Tennessee as inconsistent with the clear and unambiguous terms of the Settlement Stipulation and Order. (Doc. 52, Ex. F.) Master Sandor again requested that the PADEP Form he initially prepared be signed by Tennessee.

In response, Tennessee filed the instant motion to enforce the Settlement Stipulation and Order. The Katzes filed a timely brief in opposition to the motion. Tennessee's motion has now been fully briefed and is ripe for disposition.

## II. Discussion

In its motion, Tennessee requests that the Court enforce the Settlement Stipulation and Order by: (1) requiring the Katzes to sign the revised PADEP Form which specifies Tennessee's current intended use of the Out Parcel is for an underground gas pipeline; (2) directing Master Sandor to obtain subdivision approval for the Out Parcel based on the revised PADEP Form; and (3) requiring the Katzes to proceed to closing on the sale of the Out Parcel within five (5) business days of Tennessee receiving written documentation confirming that Master Sandor obtained subdivision approval for the Out Parcel. According to Tennessee, it is acquiring the Out Parcel in fee simple, and while its current intended use is for an underground gas pipeline, its future use of the Out Parcel could change. Tennessee argues that the Katzes' insistence that the use of the Out Parcel is limited to a single natural gas pipeline constitutes a restriction on use that was never agreed to by the parties. Tennessee asserts that such a restriction was, in fact, removed from the Deed

3

conveying the Out Parcel. Noting that the Settlement Stipulation and Order is a binding contract, Tennessee maintains that "Katz's claim that Tennessee's use of the Out Parcel is restricted to a single pipeline is inconsistent with the agreed-upon settlement terms and the Settlement Stipulation and Order." (Doc. 51, 5.)

The Katzes, on the other hand, argue that the revised PADEP Form prepared by Tennessee is contrary to the clear terms of the Settlement Stipulation and Order. The Katzes maintain that the plain, unambiguous language of the Settlement Stipulation and Order establishes that Tennessee's use of the Out Parcel is limited solely for use as a natural gas transmission pipeline. (Doc. 52, 8-17.)

Settlement stipulations approved by court orders are governed by principles of contract law. *See Pennsbury Village Assocs., LLC v. McIntyre*, 11 A.3d 906, 914-16 (Pa. 2011); *see also Thompson v. T.J. Whipple Constr. Co.*, 985 A.2d 221, 224 (Pa. Super. 2009) ("Settlement agreements are regarded as contracts and must be considered pursuant to general rules of contract interpretation."). "A cornerstone principle of contract interpretation provides that where the words of the document are clear and unambiguous, we must 'give effect' to the language." *Tindall v. Friedman*, 970 A.2d 1159, 1165 (Pa. Super. 2009) (citing *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983)). Thus, "[w]hen construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation." *Szymanowski v. Brace*, 987 A.2d 717, 722 (Pa. Super. 2009) (quoting *Abbott v. Schnader, Harrison, Segal & Lewis, LLP*, 805 A.2d 547, 553 (Pa. Super. 2002)). A settlement stipulation will not be set aside absent a clear showing of fraud, duress, or mutual mistake. *Pennsbury Village*, 11 A.3d at 914 (citing *Rago v. Nace*, 460 A.2d 337, 339 (Pa. Super. 1983)).

Tennessee's motion will be denied because the relief Tennessee seeks contradicts the clear and unambiguous terms of the Settlement Stipulation and Order. The Settlement Stipulation and Order provides:

> B. Tennessee filed against Defendants the above-captioned Condemnation Case in this Court for the taking of a certain portion of land . . . *to use said portion of land for a natural gas transmission pipeline* pursuant to Tennessee's power of eminent domain for the construction of a natural gas pipeline as part of Tennessee's federally-approved Northeast Upgrade project.
>
> C. Defendants have defended this matter instead of surrendering any certain/valuable portion of land from their Rosetown Property to Tennessee and now, . . . the "Parties"[ ] decided and agreed to an Order of this Court approving the sale by the Defendants and purchase by the Plaintiff of said certain portion of land from the Rosetown Property *to be used by the Plaintiff strictly and solely for use of a natural gas transmission pipeline* pursuant to Plaintiff's power of eminent domain under the terms and conditions set forth under this Order, which the Parties agreed upon.

(Doc. 47, ¶¶ I(B), (C) (emphasis added).)

The restriction on use of the Out Parcel is also part of the Deed. The Deed itself provides for its attachment to the Settlement Stipulation and Order, and it further notes that the Settlement Stipulation and Order "is forever incorporated and fully and completely made an indispensable part" thereof. (Doc. 42, Ex. B.) The Deed goes on to state that there are "numerous exceptions, reservations, and restrictions" in the Settlement Stipulation and Order, and that the "Settlement Stipulation and Order is forever incorporated and fully and completely made an indispensable part of this Deed, which Settlement Stipulation and Order shall control anything said and/or anything that could be implied within this Deed." (*Id*.)

In this case, the Settlement Stipulation and Order is clear and unequivocal. The meaning of the Settlement Stipulation and Order must thus be determined by its contents alone. As such, Tennessee's proffered extrinsic evidence will not be considered because where, as here, "'language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently

5

intended.'" *Lesko v. Frankford Hosp.-Bucks Cnty.*, 15 A.3d 337, 342 (Pa. 2011) (quoting *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982)). Based on the Settlement Stipulation and Order's unambiguous language, the use of the Out Parcel is strictly and solely limited to a natural gas transmission pipeline. Moreover, Tennessee does not allege that the Settlement Stipulation and Order was the product of fraud, accident, or mutual mistake. Tennessee's motion will therefore be denied.

Lastly, the Katzes seek an order compelling Tennessee to execute the PADEP Form prepared by Master Sandor in accordance with the terms of the Settlement Stipulation and Order. Because the Settlement Stipulation and Order mandates Tennessee to provide to the Katzes the documentation, including the PADEP Form, required by Master Sandor to obtain a subdivision for the Out Parcel, Tennessee will be ordered to execute the PADEP Form prepared by Master Sandor in order to allow the Out Parcel to be subdivided from the Rosetown Property.

### III. Conclusion

For the above stated reasons, Tennessee's Motion to Enforce Settlement Stipulation and Order will be denied. Furthermore, the Katzes' request that Tennessee be compelled to execute the Request for Planning Waiver & Non-Building Declaration Form as originally prepared by Master Sandor will be granted.

An appropriate order follows.

| | |
|---|---|
| October 11, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |